UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY SERRANO-GOMEZ, | : | CIVIL ACTION NO. 3:CV-15-0048 |
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| Sgt. STUBBS, | : | |
| Defendant | : | |

**MEMORANDUM**

## I. Background

On August 27, 2014, Plaintiff, an inmate formerly confined in the State Correctional Institution, Houtzdale, Pennsylvania, originally filed the above captioned civil rights action, pursuant to 42 U.S.C. §1983, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1, complaint). The sole Defendant named is Sgt. Stubbs, an officer employed at the State Correctional Institution, Camp Hill, Pennsylvania ("SCI-Camp Hill"), and the events complained of occurred at SCI-Camp Hill. Id. By Order dated January 5, 2015, the action was transferred to the Middle District of Pennsylvania (Doc. 8, Order), where it was received and filed on January 8, 2015. (Doc. 9).

On January 29, 2015 Plaintiff filed a notice with the Court, indicating that his address had changed, and that he was now housed at the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Township"). (Doc. 15, Notice).

On October 9, 2015 Stubbs filed an Answer to the complaint. (Doc. 21).

On June 14, 2016, Defendant Stubbs filed a motion for summary judgment along with a supporting and statement of material facts. (Docs. 24-26). On June 21, 2016, Defendant Stubbs filed a notice to Court of returned mail, indicating that Plaintiff's copy of Defendant Stubbs' motion for summary judgment was returned to him with as "undeliverable." (Doc. 27, Notice). Defendant Stubbs then contacted the Department of Corrections, and was informed that the Plaintiff had been paroled and no forwarding address was provided. Id. Since Plaintiff has not communicated with the Court, in any fashion, since his June 29, 2015 notice of address change, the matter will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991). The

United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984) (emphases omitted). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir.2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

3

Serrano-Gomez's last communication with this Court was the filing of his notice of change of address on June 29, 2015. (See Doc. 15). Serrano-Gomez has not communicated with this Court since the filing of this notice, one year ago. The record clearly indicates that he has been released from SCI-Coal Township. Thus, it is reasonable to conclude that Serrano-Gomez has abandoned this suit. Consequently, because Plaintiff's dilatoriness outweighs any other Poulis factors, this action will be dismissed.

A separate Order will be issued.

Dated: June 22, 2016                         /s/ William J. Nealon
                                             **United States District Judge**